OPINION
{¶ 1} Plaintiff-Appellant, Timothy Dawson, appeals a Union County Common Pleas Court, Juvenile Division, decision finding him to be an unsuitable parent and granting Defendant-Appellee, Jon Stout, legal custody of his biological son. On appeal, Timothy contends that the trial court erred in awarding custody of his biological son to Jon. However, because the trial court's decision supports that Timothy abandoned the child, the court did not err in awarding custody to a non-parent.
 {¶ 2} Facts and procedural posture pertinent to the issues raised on appeal are as follows. Jon Stout and Stephanie Dawson, formerly Stephanie Stout, were granted a dissolution of marriage on September 1, 1998, and a shared parenting plan was adopted pertaining to the three minor children born during the marriage. Pursuant thereto, the children spent roughly equal time with each parent.
 {¶ 3} Sometime towards the beginning of her marriage to Jon, Stephanie had an extra-marital affair with Timothy Dawson, and during the affair, Stephanie became pregnant and gave birth to Nathan Stout in October 1991. In 1994, Stephanie informed Jon of the affair. Soon thereafter, Timothy acquiesced in Jon's request for both men to take a blood test to confirm Nathan's biological heritage. The results of the test, which did not include DNA testing, were inconclusive, and Timothy made no inquiry as to the test results. Subsequent DNA testing, however, established that Jon was not Nathan's biological father.
 {¶ 4} Subsequently, in May 1999, Stephanie married Timothy. Prior to this time, Timothy was not involved in Nathan's life. In August 1999, Timothy filed a motion to be joined as a third party defendant to Stephanie and Jon's domestic relations case for reallocation of parental rights and responsibilities based on his desire to be acknowledged the biological father of Nathan. On September 17, 1999, the court denied Timothy's motion to intervene; however, the court terminated Jon and Stephanie's shared parenting plan and adopted a new plan naming Timothy a Significant Person with regards to Nathan, pursuant R.C. 3109.051. In exchange, Timothy agreed not to file a paternity suit, and all the parties agreed not to reveal Nathan's true parentage to him until he reached the age of majority.
 {¶ 5} In April 2000, Stephanie filed a 60(B) motion for relief from judgment, specifically requesting the court to set aside the Significant Person portion of the shared parenting plan because genetic testing revealed Timothy to be Nathan's biological father. The court denied the motion but ordered that the Significant Person paragraph be stricken, stating that Timothy was free to pursue a paternity action in juvenile court. Accordingly, on June 22, 2000, Timothy filed a complaint in the Juvenile Court to establish paternity of Nathan and for allocation of parental rights and responsibilities.
 {¶ 6} On March 8, 2001, in a separate judgment entry, the juvenile court found that Timothy is Nathan's biological father. Following this decision, hearings were conducted concerning the remainder of Timothy's complaint. After examining the evidence and testimony, the trial court found, pursuant to the Ohio Supreme Court's decision in In re Perales,[1]
that Timothy had abandoned Nathan and, thus, was an unsuitable parent. The court then awarded Jon Stout legal custody of Nathan, and visitation rights were afforded to Timothy and Stephanie. From this decision, Timothy appeals, asserting a single assignment of error for our review.
 Assignment of Error I {¶ 7} The trial court abused its discretion in finding that Appellant "abandoned" his minor child and awarded custody to a non-parent.
 {¶ 8} For his sole assignment of error, Timothy challenges the trial court's award of custody of Nathan to Jon. Specifically, Timothy claims that the trial court's finding that he abandoned Nathan was not supported by the evidence. For the following reasons, we disagree.
 {¶ 9} Initially, we note that in domestic relations matters, a reviewing court must afford the trial court discretion to do what is equitable upon the facts and circumstances of each case.[2]
Accordingly, such decisions should not be disturbed on appeal absent an abuse of discretion.[3] An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable.[4]
 {¶ 10} In child custody disputes initiated in juvenile court, the welfare of the minor is to be considered.[5] Nevertheless, while the welfare of the child is the primary consideration, suitable parents have a paramount right to custody.[6] Although the best interest of the child is the primary standard applied in custody cases, in custody disputes between a parent and a non-parent, the general rule in Ohio is that parents who are suitable have a paramount right to custody of their minor children.[7] However, in balancing the interests of both the parent and the child, the biological parents' custody rights are not absolute and can be forfeited.[8]
 {¶ 11} A natural parent may be found unsuitable and denied custody of the child if the trial court finds by a preponderance of the evidence that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child.[9] The trial court herein found by a preponderance of the evidence that Timothy was unsuitable because he abandoned Nathan. Whether a parent relinquishes rights to custody is a factual determination to be made by the trial court and should not be disturbed if supported by some reliable, credible evidence.[10]
 {¶ 12} The evidence herein supports that Timothy and Stephanie were engaged in a sexual relationship from approximately 1990 to 1994, during which Nathan was conceived, and, admittedly, neither used contraception. Timothy conceded that he was aware of Stephanie's pregnancy in 1991, and that the child could be his. Jon and Timothy subsequently arranged to take blood tests together to establish paternity in 1994, the results of which were inconclusive. However, Timothy failed to inquire into the test results or pursue additional testing, despite evidence indicating his belief that Nathan was his child, and told Jon that he did not want to know the outcome of the test, since he was attempting to rectify the marriage with his now ex-wife. Timothy made no effort to contact or support Nathan until he resumed a relationship with Stephanie in 1998; a period of more than seven years.
 {¶ 13} Based upon these facts, we find the trial court's finding that Timothy abandoned Nathan to be supported by competent, credible evidence. Accordingly, Timothy's assignment of error is hereby overruled, and we affirm the decision of the trial court.
 {¶ 14} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW and CUPP, JJ., concur.
[1] (1977), 52 Ohio St.2d 89.
[2] Carlisle v. Carlisle (Aug. 22, 2000), Paulding App. No. 11-2000-02, 2000-Ohio-1755.
[3] Id., citing Martin v. Martin (1985), 18 Ohio St.3d 292.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[5] Reynolds v. Goll (1996), 75 Ohio St.3d 121, 123,1996-Ohio-153.
[6] Id.; In re Murray (1990), 52 Ohio St.3d 155, 157.
[7] Reynolds, 75 Ohio St.3d at 121; Perales, 52 Ohio St.2d at 97.
[8] Reynolds, 75 Ohio St.3d at 121.
[9] Id.; Perales, 52 Ohio St.2d at 123; Masitto v. Masitto (1986),22 Ohio St.3d 63, 65; Carlisle, supra.
[10] Reynolds, 75 Ohio St.3d at 124, citing Masitto,22 Ohio St.3d at 66.